UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AUDREY MICHAEL BRYANT,

     Plaintiff,

v.                                   CASE NO. 6:09-cv-1670-Orl-28KRS

ROBERT DOWNS, *et al.*,

     Defendants.

---

## ORDER

Petitioner initiated this action pursuant to 42 U.S.C. § 1983 (Doc. No. 1). This case is before the Court on Defendant Robert Downs' Motion to Dismiss the Complaint (Doc. No. 16). Plaintiff has filed a response in opposition (Doc. No. 19).

*I.*    *Background*

Plaintiff, a prisoner of the State of Indiana proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 against Defendants Robert Downs, Transport Driver #1, and Transport Drive #2 (Doc. No. 1). Plaintiff alleges that on or about September 27, 2008, he was transported from Indiana to Florida by U.S. Prisoners Transport Drivers #1 and #2. *Id.* at 4. According to Plaintiff, Transport Drivers #1 and #2 failed to give him his medication for three and one half days. *Id.* Plaintiff was prescribed Clonidine, Naproxen, and Zantac. *Id.* Plaintiff notes that the Clonidine was prescribed for restless leg syndrome. *Id.* at 6. Additionally, Plaintiff alleges that the drivers separated his food from the other

prisoners' food and therefore he did not eat three meals because he thought the drivers had tampered with his food. *Id.* Furthermore, Plaintiff complains that his handcuffs were too tight and he began to lose circulation. Finally, Plaintiff contends that Transport Drivers #1 and #2 drove recklessly, taking turns too fast and slamming on the breaks. *Id.* As a result of this driving and because the van did not have seat belts, the inmates were slammed or thrown back and forth, and Plaintiff hurt his shoulder and finger. *Id.* Plaintiff seeks compensatory damages, the termination of Transport Drivers #1 and #2, and an investigation into the transport of prisoners. *Id.* at 5.

## II.  *Standard of Review*

When considering a motion to dismiss pursuant to Rule 12(b)(6), the complaint is construed in the light most favorable to the plaintiff and its allegations are taken as true. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Development Corporation S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983). A complaint must contain a short and plain statement demonstrating an entitlement to relief, and the statement must "give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007) (quoting *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 346 (2005)). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007).

Previously, the standard provided that a complaint should not be dismissed for failure to state a claim unless it appeared beyond doubt that plaintiff could prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). However, this standard has been "retired" in favor of a heightened requirement that the plaintiff supply "'enough facts to state a claim to relief that is plausible on its face,' rather than merely 'conceivable.'" *Huggins v. Marriott Ownership Resorts, Inc.*, Case No. 6:07-cv-1514-Orl-22KRS, 2008 WL 552590, at *2 (M.D. Fla. Feb. 27, 2008) (quoting *Twombly*, 550 U.S. at 563, 570); *see also Lewis v. Seneff*, 654 F.Supp.2d 1349, 1354 (M.D. Fla. 2009). Thus, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.*

Dismissal is also warranted under Rule 12(b)(6) if, assuming the truth of the factual allegations of the plaintiff's complaint, there remains a dispositive legal issue which precludes relief. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *Brown v. Crawford County, Ga.*, 960 F.2d 1002, 1009-10 (11th Cir. 1992). Moreover, in the case of a *pro se* action, the Court should construe the complaint more liberally than it would pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

*III.    Discussion*

Defendant Downs moves to dismiss Plaintiff's complaint because Plaintiff has failed to state viable a Eighth or Fourteenth Amendment claim for relief. Downs asserts that Plaintiff's claims are frivolous and that Plaintiff has not established that he suffers from any lasting injury from any of the alleged constitutional violations but instead only suffered from temporary pain and discomfort.

*A.    Deliberate Indifference to Medical Care - Denial of Medication*

Plaintiff alleges that he is prescribed Clonidine, Naproxen, and Zantac (Doc. No. 1 at 4). Plaintiff states that he was not given his medication for three and one half days. *Id.* Plaintiff contends that Defendants Transport Drivers #1 and #2 called Defendant Downs and asked whether they could give Plaintiff his medication, and Downs stated, "No." *Id.* On the fourth day, Plaintiff requested to go to the hospital and then received his medication. *Id.* at 5.

The United States Supreme Court set forth the standard for prison medical care in *Estelle v. Gamble*, 429 U.S. 97, 104 (1976): "deliberate indifference to [the] serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain ... proscribed by the Eighth Amendment." [1] As recognized by the Eleventh Circuit Court of Appeals, to

---

[1] Petitioner has not stated if he was a pre-trial detainee, or if he has been convicted and sentenced. If Petitioner is a pre-trial detainee then the claim must be analyzed under the Fourteenth Amendment rather than the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979). However, "in regard to providing pretrial detainees with such basic necessities as food, living space, and medical care the minimum standard allowed by the due process clause is the same as that allowed by the [E]ighth [A]mendment for convicted persons." *Hamm v. DeKalb County*, 774 F.2d 1567, 1574 (11th Cir. 1985).

demonstrate deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). "First, a plaintiff must set forth evidence of an objectively serious medical need. Second, a plaintiff must prove that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need." *Id.* (citations omitted). The Eleventh Circuit has described a serious medical need as "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994) (quotation marks and citations omitted), *overruled on other grounds by Hope v. Pelzer*, 536 U.S. 730, 739 (2002).

Defendant Downs argues that Plaintiff has not established that he had a serious medical need at the time the alleged unconstitutional conduct took place. This Court agrees. Plaintiff states that he was prescribed Clonidine for his restless leg syndrome. However, Plaintiff has not demonstrated that restless leg syndrome is a serious medical condition that, without medication, posed a substantial risk of serious harm if left unattended. *See Sufka v. Barney*, 2008 WL 2787715 at *3 n.2 (D. Minn. July 15, 2008) (stating "Plaintiff does not allege, and the Court does not find it to be self-evident, that "restless leg syndrome" is a serious medical condition for Eighth Amendment purposes"). In the complaint Plaintiff notes that he was able to stretch his legs and walk around briefly during bathroom stops. Plaintiff also indicates that he was prescribed Naproxen for back pain, but does not make any allegations that his back pain amounted to a serious medical need.

Furthermore, denial of medication for three and one half days, without a showing of lasting physical harm from the delay does not amount to a serious harm. *Williams v. Arnold*, 207 F. App'x 980, 985 (11th Cir. 2006) (denial of medication for one seven-day period with no showing of physical harm was not sufficient to constitute a serious medical need); *Henry v. Holliday*, 176 F. App'x 611, 612 (5th Cir. 2006) (failure to re-fill a prescription for three days failed to state a deliberate indifference claim); *Kenney v. Trinity Service Group, Inc.*, case no. 3:09-cv-148, 2009 WL 1919304, at *3 (N.D. Fla. July 1, 2009) (failure to receive additional pain medication for two weeks did not amount to a constitutional violation). Plaintiff has not shown that he suffered serious physical harm from the denial of medication for three and one half days.

Even assuming Plaintiff had demonstrated that he had a serious medical need, Plaintiff has not demonstrated that Defendants were deliberately indifferent to that serious medical need. To establish the requisite deliberate indifference, "the prisoner must prove three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004). In *Estelle*, the Supreme Court described the boundary between medical malpractice and Section 1983 claims alleging cruel and unusual punishment:

> in the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently

6

> harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.

*Estelle*, 429 U.S. at 105-06. Thus, on the most general level, deliberate indifference is medical treatment that is "so grossly incompetent, inadequate, or excessive as to shock the conscious or to be tolerable to fundamental fairness." *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986).

The allegations, viewed in a light most favorable to Plaintiff, do not show that Defendants ignored Plaintiff's medical conditions or manifested deliberate indifference toward him. Moreover, there is no indication that Defendants' failure to give Plaintiff medication amounted to subjective knowledge of a risk of serious harm. Since he has not alleged facts showing a serious medical need or deliberate indifference by Defendants, Plaintiff has failed to state a claim for a violation of his constitutional rights. Accordingly, Defendant Downs' motion to dismiss is granted with respect to this claim.

### B.    *Cruel and Unusual Punishment - Denial of Food*

Next Plaintiff asserts that he was denied three meals by Transport Drivers #1 and #2 (Doc. No. 1 at 6). Plaintiff explains that the drivers had his meals separated from the other inmates on three different occasions. *Id.* Plaintiff was afraid to eat the food because he thought the drivers had tampered it. *Id.*

The Eighth Amendment governs the treatment a prisoner receives in prison and the conditions under which he is confined. *Helling v. McKinney*, 509 U.S. 25, 31 (1993). However, "[n]ot every governmental action affecting the interests or well-being of a

7

prisoner is subject to Eighth Amendment scrutiny." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Only the "'unnecessary and wanton infliction of pain' . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Ingraham v. Wright*, 430 U.S. 651, 670 (1977) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citations omitted)). Claims challenging conditions of confinement under the Eighth Amendment must demonstrate an infliction of pain "without any penological purpose" or an "unquestioned and serious deprivation of basic human needs." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *see also Hamm v. DeKalb County*, 774 F.2d 1567, 1571-72 (11th Cir. 1985).

Pursuant to the Eighth Amendment, prisoners may not be deprived of basic human needs, such as food, clothing, shelter, sanitation, medical care, and reasonable safety. *Helling v. McKinney*, 509 U.S. 25, 32 (1993). The deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the "minimal civilized measure of life's necessities." *Wilson v. Seiter*, 501 U.S. 294, 303 (1991). Whether the deprivation of food falls below this threshold depends on the amount and duration of deprivation. *See Hutch v. Department of Corrections*, 993 F.2d 882 (9th Cir. 1993) (affirming district court's decision dismissing claim as frivolous where plaintiff alleged that he was denied breakfast twice and not given the correct religious diet on one occasion); *Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998) (noting that denial of one out of every nine meals is not a constitutional violation); *Cooper v. Sheriff of Lubbock County*, 929 F.2d 1078 (5th Cir. 1991) (failure to feed a prisoner for twelve days unconstitutional).

The deprivation alleged by Plaintiff in this case falls far below the Eighth Amendment threshold. Plaintiff states that Transport Drivers #1 and #2 *may* have tampered with his food on three occasions because his food was in a separate bag. However, there is no evidentiary support for Plaintiff's suspicions that his food was contaminated. The Court finds that Plaintiff has not stated a claim for relief. *See Ali v. Suchocki*, 254 F. App'x 143, 145 (3d Cir. 2007) (finding the plaintiff's claim that someone had tampered with his food because a package of pop tarts had been opened did not rise to the level of a sufficiently serious deprivation). Plaintiff has not indicated that he suffered any adverse physical health effects from the deprivation of three meals. Plaintiff's allegations fail to state a plausible Eighth Amendment claim, and therefore Defendant Downs' motion to dismiss this claim is granted.

## C.  *Excessive Force - Use of Handcuffs*

Plaintiff's third complaint is that Transport Drivers #1 and #2 handcuffed him too tightly (Doc. No. 1 at 6). Essentially Plaintiff is attempting to state a claim for excessive force. The "core judicial inquiry" in an Eighth Amendment claim for excessive force is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6 (1991) (citations omitted). In *Hudson*, the Supreme Court held that the extent of a plaintiff's injuries is one factor in determining whether the force was applied maliciously and sadistically, but it is not determinative. *Id.* at 7. Other factors relevant to this inquiry include "the need for application of force, the relationship between that need

and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Id.* (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)). In so holding, the Court in *Hudson* rejected any requirement that a plaintiff asserting an excessive force claim establish that the force caused significant injuries. *Id.* at 7.

Plaintiff has not established that Transport Drivers #1 and #2 used unnecessary or excessive force against him. "A jailor's use of force . . . is excessive . . . if it 'shocks the conscience.'" *Fennell v. Gilstrap*, 559 F.3d 1212, 1217 (11th Cir. 2009) (quoting *Danley v. Allen*, 540 F.3d 1209 ,1306 (11th Cir. 2008)). "The use of force does not 'shock the conscience' if it is applied 'in a good-faith effort to maintain or restore discipline.'" *Id.* (quoting *Hudson*, 503 U.S. at 7)). The use of handcuffs in the instant situation does not "shock the conscience." Transport Drivers #1 and #2 were transporting prisoners across the country. It is reasonable that the drivers would handcuff the prisoners. The amount of force in this case was not excessive, and Plaintiff has not established that he suffered any injuries as a result of the handcuffs being too tight. Moreover, Plaintiff notes that Transport Driver #3, a non-Defendant driver, loosened the handcuffs.

Plaintiff has not established that the use of the handcuffs was done maliciously, that there was not a need for him to be handcuffed, or that no effort was made to temper the severity of the force used. Plaintiff has failed to state a cognizable claim for use of excessive force, and thus Defendant Downs' motion to dismiss with respect to this claim is granted and the instant claim is dismissed.

### D.    Deliberate Indifference to Risk of Harm - Reckless Driving

In his final claim Plaintiff alleges that Transport Drivers #1 and #2 drove in a reckless manner (Doc. No. 1 at 6-7). In particular, Plaintiff states that the drivers continually slammed on the breaks or took turns too quickly, which resulted in the prisoners being thrown back and forth across the van, as they had no seat belts. *Id.* at 7. Plaintiff mentions that he hurt his shoulder and left little finger. *Id.*

The Eighth Amendment's proscription against cruel and unusual punishment requires that prison officials not be deliberately indifferent to serious risks to inmate safety. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). To prevail on a claim for deliberate indifference to a prisoner's safety, a prisoner must allege that (1) prison officers had subjective knowledge of an objectively serious risk of harm, (2) the prison officers disregarded that risk or did not reasonably respond, and (3) the prison officers acted with more than mere negligence. *Id.* at 834-35.

The Eleventh Circuit has determined that transporting prisoners in vans without seatbelts does not amount to a constitutional violation. *Smith v. Sec'y, Dept. of Corr.*, 252 F. App'x 301, 304 (11th Cir. 2007) (stating that riding in a van without seat, seat belts or windows is not sufficiently intolerable or a sufficiently risky condition). Plaintiff has failed to state a colorable claim for relief. Therefore, Defendant Downs' motion to dismiss is granted and this claim is dismissed.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.    Defendant Downs' Motion to Dismiss (Doc. No.16 ) is **GRANTED**.

11

2.     This case is **DISMISSED** for failure to state a claim upon which relief may

be granted against Defendants Downs and Transport Drivers #1 and #2.

3.     The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida, this 27 day of June, 2010.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
pslc 6/23
Audrey Michael Bryant
Counsel of Record